**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce A. Kievit, | No. CV-09-1673-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Board of Regents; John and Jane Does I-X, | |
| Defendants. | |

Pending before the Court is Defendant Arizona Board of Regents' Motion to Dismiss Counts I and III of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 10.) For the following reasons, the Court grants Plaintiff's motion with respect to Counts I and III as set forth in this Order.[1]

**BACKGROUND**

Plaintiff Joyce A. Kievit ("Plaintiff") is an American Indian woman, over the age of 40, who was formerly employed by the Arizona Board of Regents ("ABOR") at Arizona State University ("ASU"). (Dkt. # 1 at 1–2.) She was initially hired in August 2002, and was most recently employed as a Post Doctoral Research Assistant in the Department of History.

---

[1] Plaintiff's request for oral argument is denied. The parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

(*Id.* at 2.) During the course of her employment, Plaintiff contends that she was forced to endure discrimination and unequal terms and conditions of employment as a result of her race, gender, and age. (*Id.* at 3.)

Plaintiff filed the present action against the Arizona Board of Regents and John and Jane Does I-X[2] on August 13, 2009, presenting three causes of action. In Count I, Plaintiff claims that Defendants violated 42 U.S.C. § 1981 by interfering with her contractual rights and denying her due process and equal protection under the law. (*Id.* at 4–5.) In Count II, she claims ABOR violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) by engaging in unlawful discrimination and unlawful employment practices based upon Plaintiff's race and gender. (*Id.* at 6–7.) Count II also states that ABOR engaged in unlawful retaliation after Plaintiff complained about the alleged discrimination. (*Id*. at 7.) In Count III, Plaintiff contends that Defendants violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., ("ADEA") by discriminating against Plaintiff on the basis of her age. (*Id*. at 8.)

On November 23, 2009, the ABOR filed a motion to dismiss Counts I and III pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 10.) According to the ABOR, the Eleventh Amendment to the United States Constitution immunizes ABOR from suits brought under § 1981 and the ADEA. (*Id.* at 2.)

**DISCUSSION**

**I.     Plaintiff's § 1981 Claim is Dismissed with Leave to Amend.**

Plaintiff alleges that the ABOR and certain unidentified ASU officers violated her rights under 42 U.S.C. § 1981. While the parties disagree about how Plaintiff is required to bring these claims, the Court holds that § 1981 permits Plaintiff to raise claims against state officials in their official capacity for prospective injunctive relief and in their individual capacity. Thus, Plaintiff's § 1981 claim against the ABOR is dismissed with prejudice, and

---

[2]According to Plaintiff, these John and Jane Does are unidentified state officials who work at Arizona State University. Plaintiff alleges that these individuals will be identified by name through discovery.

- 2 -

1 | Plaintiff's § 1981 claim against the Doe Defendants, or the unidentified ASU officers, is dismissed with leave to amend.

### A. Section 1981 Claim against ABOR

First, the Court dismisses Plaintiff's § 1981 claim against ABOR pursuant to the Eleventh Amendment and the Ninth Circuit's recent decision in *Pittman v. Oregon*, 509 F.3d 1065 (9th Cir. 2007). Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Without the State's consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Arizona State University and ABOR are considered arms or instrumentalities of the State of Arizona, so they share in the State's Eleventh Amendment immunity. *See Rutledge v. Ariz. Bd. of Regents*, 660 F. 2d 1345, 1349 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983). Accordingly, because Congress has not abrogated the States' Eleventh Amendment immunity under § 1981, and because Arizona has not waived its immunity, Plaintiff's suit against the ABOR fails.

Moreover, sovereign immunity notwithstanding, the Ninth Circuit Court of Appeals has specifically determined that "§ 1981 does not contain a cause of action against states." *Pittman,* 509 F.3d at 1074. In a previous case, *Fed'n of African Am. Contrs. v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996), the Ninth Circuit observed that "the amended 42 U.S.C. § 1981 contains an implied cause of action against state actors." *Pittman*, however, limited *Federation* to actions against municipalities, holding that there is no cause of action under § 1981 against states. *See* 509 F.3d at 1074. Because ABOR is an arm of the State of Arizona, § 1981 does not provide a cause of action against it. *See id.* Accordingly, Plaintiff's § 1981 claim against ABOR is dismissed.

/ / /

**B. Section 1981 Claims Against Unidentified ASU Officers (John and Jane Does I-X)**

ABOR next contends that the § 1981 claim should be dismissed against the Doe Defendants, who are unidentified ASU officers, because § 1981 does not provide a cause of action against state actors. (Dkt. # 12 at 3.) Because Plaintiff has not identified these officers, her § 1981 claim against these officers is dismissed with leave to amend.

First, to the extent that Plaintiff sues ASU officers in their official capacity for monetary damages, these claims fail for the same reason as claims against the state itself. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). Accordingly, the sovereign immunity of the Eleventh Amendment bars suits for monetary damages brought against state officials in their official capacity. Likewise, whereas a suit against state officials in their official capacity for monetary relief is in effect a suit against the state itself, claims brought under § 1981 must fail because "§ 1981 does not contain a cause of action against states." *Pittman*, 509 F.3d at 1074.

A claim against state officers in their official capacity for prospective injunctive relief, however, is permitted under § 1981. Even when a state official's actions occur within the scope of his or her official capacity, a state official, whose actions violate Constitutional provisions, is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. 123, 160 (1908). Although *Pittman* explicitly prohibits claims against states, a § 1981 claim against ASU officers in their official capacity for monetary relief is not foreclosed by that decision. As the Supreme Court has made clear in the context of § 1983, "'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

In addition, § 1981 also permits claims against individual state employees in their individual capacity. In *Pittman*, the question before the Ninth Circuit was whether § 1981

1 allows for a state to be sued directly for damages, not whether § 1981 provides for a state
2 employee to be sued in his individual capacity. A suit against a state employee in his or her
3 individual capacity for monetary damages is markedly different from a suit against the state.
4 *See Hafer v. Melo*, 502 U.S. 21 (1991). First, any damages awarded in such an action would
5 not be paid from the state coffer, but paid by the individual defendant. Similarly, as
6 employees like ASU officers are already subject to suit under § 1983 for any § 1981
7 violations, allowing a private cause of action to be brought against them under § 1981 would
8 not impose the "substantive change on federal civil rights law" that the court in *Pittman*
9 feared would result from extending *Federation* to actions against states. *See Turner v.*
10 *University of WA*, 2007 WL 1655117, *4 (W.D.Wash. June 4, 2007). Indeed, the impact of
11 a suit against a state employee in his or her individual capacity is more analogous to that of
12 a suit against a state employee in his or her official capacity for prospective injunctive
13 relief—neither should be viewed as suits against the state. *See id.*; *see also Santos v. Merritt*
14 *College*, 2008 WL 131696 (N.D.Cal. Jan 11, 2008) (recognizing individual liability under
15 § 1981 against a state employee sued in her individual capacity). *But see Byrd v. California*
16 *Superior Court, County of Marin* 2009 WL 2031761, *8 (N.D.Cal. July 8, 2009) (noting in
17 dicta that "[s]ince *Pittman* has made clear that there is no right of private action against the
18 state and its agencies under [S]ection 1981, it follows that there could not be a claim against
19 other state employees under [S]ection 1981").

20 Nevertheless, although Plaintiff has identified a potential cause of action under § 1981
21 against the ASU officers in their official capacities for injunctive relief and in their individual
22 capacities, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."
23 *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of*
24 *Corrections*, 406 F.2d 515, 518 (9th Cir. 1968)). Here, Plaintiff has provided no explanation
25 of her failure to identify these ASU officers and no reason why the Court should allow the
26 complaint to go forward without naming these individuals. Therefore, Plaintiff's § 1981
27 claim against these unidentified individuals is dismissed with leave to amend. "Should
28 plaintiff learn the identity of Doe defendants," she may amend her complaint and "add them

as named defendants." *See, e.g.*, *Roberts v. Paulson,* 2010 WL 539330, *1 (N.D.Cal. Feb. 9, 2010) (citing *Brass v. County of L.A.*, 328 F.3d 1192, 1195–98 (9th Cir. 2003)).

## II. Plaintiff's ADEA Claim is Dismissed.

Plaintiff's claim against ABOR and Doe Defendants, alleging violations of ADEA, is dismissed. With respect to the ABOR, this claim fails because "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). State employees must rely on state age discrimination statutes for relief concerning alleged age discrimination. *Id.* The claim also fails against the unidentified ASU officers because employees cannot be found liable in their individual capacities for violations of the ADEA. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). Accordingly, Count III is dismissed against all Defendants.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's § 1981 claim against Arizona Board of Regents is **DISMISSED WITH PREJUDICE.**

2. Plaintiff's § 1981 claim against John and Jane Does I-X is **DISMISSED WITHOUT PREJUDICE**. Plaintiff should file an Amended Complaint no later than 5:00 pm, **April 5, 2010**.

3. Plaintiff's ADEA claim is **DISMISSED WITH PREJUDICE.**

DATED this 4th day of March, 2010.

_____
G. Murray Snow
United States District Judge